ELECTRONICALLY FILED
COURT OF COMMON PLEAS
WEDNESDAY JANUARY 25 2017 02:57:58 PM
CASE NUMBER: 2017 CV 00400 Docket ID: 30475816
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**

SHAWN GILBERT

**VS**

**DEFENDANT**

STATE FARM INSURANCE CO

**CASE NUMBER**

2017 CV 00400

**ARTICLE NUMBER**

92071901081094029127 37

**TO THE FOLLOWING NAMED DEFENDANT:**
STATE FARM INSURANCE CO
1440 GRANVILLE ROAD
NEWARK OH 43055

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio. **A copy of the Complaint is attached.**

**BY:**
SHAWN GILBERT
38082 41ST PLACE SOUTH
AUBURN, WA 98001

**PLAINTIFF ATTORNEY:**
DWIGHT D BRANNON
130 WEST SECOND STREET SUITE 900
DAYTON, OH 45402

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.** Your original **Answer** must be filed with the Clerk of Court's Office **within 3 days** after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.org. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper <u>OR</u> through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.org. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



/s/ GREGORY A. BRUSH, ISSUED Wednesday, January 25, 2017
**GREGORY A. BRUSH, CLERK
COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, January 25, 2017 1:50:10 PM
CASE NUMBER: 2017 CV 00400 Docket ID: 30475580
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE MONTGOMERY COUNTY COMMON PLEAS COURT
CIVIL DIVISION

| | | |
|---|---|---|
| SHAWN M. GILBERT<br>38082 41st Place South<br>Auburn, Washington 98001<br><br>Plaintiff,<br><br>VS.<br><br>STATE FARM INSURANCE CO.<br>1440 Granville Road<br>Newark, Ohio 43055<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. _____<br><br>JUDGE _____<br><br>COMPLAINT FOR BREACH OF<br>CONTRACT AND BAD FAITH,<br>JURY DEMAND ENDORSED HEREON |

Now comes Plaintiff Shawn M. Gilbert, by and through the undersigned counsel, and asserts the following for his Complaint:

**PARTIES**

1. Plaintiff Shawn M. Gilbert is and was, at all time relevant, a resident of Auburn, Washington. Mr. Gilbert is and was, at all times relevant, the owner of the real property located at 96 Fernwood Avenue in Dayton, Montgomery County, Ohio.

2. Defendant State Farm Insurance Co. is and was, at all times relevant, a business entity doing business in the State of Ohio, including Montgomery County, Ohio, engaged in the business of providing insurance policies, including homeowner's insurance.

1

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint pursuant to R.C. 2305.01.

4. Plaintiff's claims may be brought in this Court pursuant to Ohio Rule of Civil Procedure 3(B)(3), because all or part of the claim for relief arose within Montgomery County.

5. Plaintiff's claims may be brought in this Court pursuant to Ohio Rule of Civil Procedure 3(B)(5), because the property which is the subject of this action is situated within Montgomery County.

## FACTS

6. Plaintiff Shawn M. Gilbert purchased the real property located at 96 Fernwood Avenue, in Dayton, Ohio, on December 9, 2013.

7. Plaintiff later moved to Washington, and decided to rent out the property. Plaintiff hired Whitaker Property Management to manage the property.

8. Plaintiff purchased a policy of homeowner's insurance from Defendant State Farm Insurance Co., which was designated as Policy Number 95-CF-Q239-0. The term of the policy was from December 5, 2015 to December 5, 2016. Plaintiff is not in possession of a copy of this policy, but, pursuant to Civ.R. 10(D)(1), will file a copy of the policy with the Court when it has been obtained through discovery.

9. Plaintiff timely paid all premiums due on the policy up to and including May, 2016.

10. On Monday, May 9, 2016, Plaintiff was informed that there had been a fire at the Fernwood Property. At the time there was no tenant in the property, as the latest tenant had been issued a notice to leave the property for non-payment of rent, and had vacated the property.

11. At the time of the fire, Plaintiff had been attempting to sell the property, and had retained Irongate Realtors for that purpose. At the time of the fire, Plaintiff was asking $34,500.00 as the sale price of the property.

12. Immediately after learning of the fire, Plaintiff contacted Defendant State Farm to inform Defendant of the fire and damage, and to begin the claim process.

13. On May 17, 2016, Plaintiff took part in a recorded telephone conversation with Christie Charlton, one of Defendant's employees. Plaintiff spent more than thirty minutes speaking to Ms. Charlton, and provided Ms. Charlton with all the information she requested.

14. On June 16, 2016, Plaintiff provided Defendant with an Authorization to obtain his credit report, and with a Sworn Statement in Proof of Loss, both of which Defendant had requested. In the Sworn Statement, Plaintiff listed the amount of his loss as $48,010.64.

15. Instead of paying Plaintiff's claim as it was required to do under the policy, Defendant proceeded to demand more and more intrusive information from Plaintiff.

16. As of the date of this filing, Defendant has neither paid nor offered to pay Plaintiff's claim, as required by the policy of insurance Defendant issued to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT

17. Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

18. In failing to pay or offer to pay Plaintiff's claim, State Farm has denied coverage for Plaintiff's claim under the Policy. By doing so, State Farm has disputed its obligations to Plaintiff.

19. Plaintiff has complied with all applicable terms and conditions of the Policy, and State Farm has waived or is estopped from enforcing such terms and conditions.

20. Plaintiff's claim is covered by the Policy, and Plaintiff therefore is entitled to indemnification for loss covered by the Policy.

21. There is an actual and justiciable controversy between Plaintiff and State Farm concerning their respective rights and legal obligations with respect to whether State Farm is obligated to pay Plaintiff's claim under the Policy.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

22. Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

23. Plaintiff purchased a policy of homeowner's insurance from Defendant State Farm Insurance Co., which was designated as Policy Number 95-CF-Q239-0. The term of the policy was from December 5, 2015 to December 5, 2016. Plaintiff is not in possession of a copy of this policy, but, pursuant to Civ.R. 10(D)(1), will file a copy of the policy with the Court when it has been obtained through discovery.

24. Plaintiff timely paid the premiums required by the policy up to and including the month of May, 2016.

25. On or about May 1, 2016, Plaintiff suffered a loss as contemplated in the policy.

26. Plaintiff complied with Defendant's reasonable requests regarding investigating that loss, by providing Defendant with the requested Credit Authorization and Sworn Statement in Proof of Loss, and by engaging in a recorded telephone interview with Defendant's employee.

27. In paying the premiums, and complying with Defendant's reasonable requests regarding investigation of the loss, Plaintiff has fulfilled his obligations under the policy.

28. Defendant has failed to compensate Plaintiff for his loss, as required under the terms of the policy.

29. In failing to compensate Plaintiff for his loss, Defendant has failed to fulfill its obligations under the policy, and has breached the policy.

30. As a result of State Farm's repudiation of its obligations, Plaintiff has been injured.

31. State Farm has indicated its intention not to pay Plaintiff for any covered loss.

32. As a direct and proximate result of its actions, State Farm is in breach of the Policy, and has deprived Plaintiff of the benefit of the insurance coverage purchased by Plaintiff.

### THIRD CAUSE OF ACTION
### BAD FAITH

33. Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

34. At all times relevant to this action, State Farm had a duty to act in good faith and deal fairly with Plaintiff under the Policy.

35. State Farm breached these duties by denying coverage under the Policy, without reasonable justification, violating industry standards in the handling of Plaintiff's claim, and refusing to pay Plaintiff's claim.

36. State Farm's conduct was undertaken consciously, deliberately, and with reckless disregard for the rights and interests of Plaintiff as an insured under the Policy.

37. As a consequence of State Farm' conduct, Plaintiff has suffered actual and reasonably foreseeable consequential damages, including, without limitation, attorney fees, costs and expense in prosecuting this action, which damages Plaintiff is entitled to recover from State Farm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shawn Gilbert respectfully demands judgment against Defendant State Farm Insurance Co. as follows:

A.  Declaring that State Farm Insurance Company is obligated to provide coverage pursuant to the terms of the applicable insurance policy.

B.  Awarding Plaintiff his actual damages sustained as a result of State Farm's breach of the Policy.

C.  Awarding Plaintiff actual damages sustained as a result of State Farm's breach of its duty of good faith and fair dealing under the Policy.

D.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

E.  Awarding Plaintiff punitive damages to the maximum extent permitted by law.

F.  Awarding such other and further relief as this Court deems appropriate.

/s/ Dwight D. Brannon
Dwight D. Brannon (0021657)
Matthew C. Schultz (0080142)
BRANNON & ASSOCIATES
130 W. Second St., Suite 900
Dayton, OH 45402
Tel.: (937) 228-2306
Fax: (937) 228-8475
E-mail: dbrannon@branlaw.com
mschultz@branlaw.com

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues herein.

/s/ Dwight D. Brannon
Dwight D. Brannon (0021657)